**FILED**

**July 27, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:26 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Lisa Gragg, | ) | Docket No.: 2015-02-0496 |
| Employee, | ) | |
| v. | ) | |
| Christian Care Center of Johnson City, | ) | State File Number: 97862-2015 |
| Employer, | ) | |
| And | ) | |
| GuideOne Mutual, | ) | Judge Brian K. Addington |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on July 19, 2016, on the Request for Expedited Hearing filed by the employee, Lisa Gragg, under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Christian Care is responsible for payment of medical and temporary disability benefits. The central legal issue is whether Ms. Gragg suffered a compensable hernia arising primarily out of and in the course and scope of her employment.[1] For the reasons set forth below, the Court finds Ms. Gragg has not submitted sufficient evidence from which this Court could conclude she is likely to prevail at a hearing on the merits on the central legal issue and holds she is not entitled to medical or temporary disability benefits at this time.

### History of Claim

Prior to the alleged injury, Ms. Gragg worked for Christian Care as a certified nursing assistant. For years, Ms. Gragg suffered many medical conditions, including hernias and pulled stomach muscles. Ms. Gragg suffered a work-related hernia in early 2015, and Dr. Carlos Floresguerra repaired it on March 18, 2015. (Ex. 8 at 2-3.) Ms.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

Gragg had an extended recovery from that surgical repair due to recurring infections and did not return to work until June 2015.

After Ms. Gragg reported the injury for which she underwent the hernia repair, she testified Christian Care's management no longer treated her the same. She felt the human resource staff and workers' compensation adjuster[2] were unprofessional to her and it affected her willingness to continue to work for her employer.

After working several months, Ms. Gragg called the office of her primary care provider, Dr. Dave Arnold, on October 23, 2015, and a nurse recorded the following from the conversation: "States she coughed so hard she is going to have to have repeat hernia surgery." (Ex. 7 at 3.) When Dr. Arnold later saw her on November 10, 2015, he noted, "Her abdominal hernia has recurred and she is scheduled for repeat surgery on 11/19." *Id.* at 1. Ms. Gragg testified she underwent the surgery with Dr. Floresguerra.

There is a dispute regarding the date of injury. Nearly a month after her report to Dr. Arnold's office, Ms. Gragg testified she felt burning and stinging in her stomach while working on November 23, 2015.[3] She went home, took a shower, and noticed a lump around her belly button. Ms. Gragg claimed she contacted her supervisor to report her observation, and she returned to the surgeon. She alleged she underwent the second hernia surgery with Dr. Floresguerra after November 23, 2015. The doctor initially released her to return to work post-surgery on December 8, 2015, but later gave Ms. Gragg an additional week off work due to stomach pain.[4]

During December, Christian Care's workers' compensation carrier investigated Ms. Gragg's claim and issued a Notice of Denial of Claim for Compensation on December 16, 2015, on the grounds of preexisting condition. (Ex. 5.) Although Christian Care paid for Ms. Gragg's repeat hernia surgery, it denied any additional medical benefits.

Despite the fact Dr. Floresguerra allowed Ms. Gragg to work, she never returned. At first, she asked Christian Care for additional time to tend to personal matters; Christian Care took her off its schedule at her request. Although Ms. Gragg attempted to follow-up with Christian Care, no one returned her calls. However, she acknowledged that she did not want to return to work because she felt Christian Care mistreated her following her first injury report in early 2015. She felt it would be a hostile work environment.

---

[2] Ms. Gragg did not provide the full names of these employees.

[3] It does not appear to the Court that Ms. Gragg worked that day considering the facts presented.

[4] Neither party supplied medical records from Dr. Floresguerra regarding this surgery.

Ms. Gragg filed a Petition for Benefit Determination seeking medical and temporary disability benefits on December 14, 2015. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) After a Show Cause Hearing and Order dated June 8, 2016, Ms. Gragg filed a Request for Expedited Hearing on June 17, 2016. (T.R. 4 and T.R. 3, respectively.) This Court heard the matter on July 19, 2016.

At the Expedited Hearing, Ms. Gragg asserted she suffered a new hernia on November 23, 2015. She denied she called her personal physician on October 23, 2015, to report a cough caused her need for surgery. Rather, she felt burning and stinging in her stomach at work on November 23, 2015, and discovered a new hernia at home later that day. She requested temporary disability benefits from the date of injury until now, as she has not obtained a release from her doctor. She requested continued medical treatment, as Christian Care stopped medical treatment after it denied her claim.

Christian Care argued Ms. Gragg did not suffer an injury on November 23, 2015. Instead, Ms. Gragg coughed at some point prior to October 23, 2015, and her need for surgery was due to that coughing episode. Also, Christian Care asserted Ms. Gragg did not point to any specific activity she performed at work that allegedly caused the hernia. Christian Care contended Ms. Gragg's evidence was not sufficient to meet the criteria of a compensable hernia or rupture under Tennessee Code Annotated section 50-6-212 (2015). Christian Care asserted Ms. Gragg is not entitled to further medical or temporary disability benefits.

**Findings of Facts and Conclusions of Law**

As the injured employee seeking benefits, Ms. Gragg has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Ms. Gragg need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, at an expedited hearing, she has the burden to come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *Id.*

For her claim to be compensable, Ms. Gragg must show she was injured by an incident or set of incidents arising primarily out of and in the course and scope of her employment, identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(13)(A) (2015). Further, under the Worker's Compensation Law, in order for a hernia or rupture injury to be compensable, it must be definitively proven to the satisfaction of the Court, that:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code. Ann. § 50-6-212(a) (2015).

The Court finds there is conflicting evidence as to when the alleged incident occurred that caused the hernia in question. The medical records suggest the injury occurred during a coughing episode, which was followed by a surgical repair - all prior to the alleged injury date on November 23, 2015. The weight of the evidence does not support Ms. Gragg's assertion that she suffered a hernia at work on November 23, 2015.

Also, other than testifying that she felt burning and stinging at work on November 23, 2015, Ms. Gragg failed to provide details of her activities at the time the injury occurred. Her evidence failed to meet the statutory requirement that her injury was caused by a specific incident or set of incidents at work. As Ms. Gragg failed to prove she suffered an injury at work, she cannot satisfy the first criterion for a compensable hernia as found in Tennessee Code Annotated 50-6-212(a), *supra*.

The Court thus holds Ms. Gragg failed to come forward with sufficient evidence from which the Court could conclude she is likely to prevail at a hearing on the merits that she suffered a compensable hernia arising primarily out of and in the course and scope of her employment; therefore, her request for medical and temporary benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Gragg's claim against Christian Care and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for Initial (Scheduling) Hearing on September 29, 2016, at 10:00 a.m. Eastern.

**ENTERED this the 27th day of July, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

4

<u>Initial (Scheduling) Hearing</u>:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

<u>Exhibits:</u>
1. Affidavit of Ms. Gragg;
2. Affidavit of Randall Gragg;[5]
3. First Report of Injury for injury dated February 23, 2015;
4. Wage Statement;
5. Notice of Denial;
6. Panel of Physicians for February 23, 2015 injury;
7. Medical Records-Healing Hands Health Center;
8. Medical Records-Franklin Woods Community Hospital; and
9. Transcript of conversation between Ms. Gragg and adjuster.

<u>Technical record:</u>[6]
1. Petition for Benefit Determination, December 14, 2015;
2. Dispute Certification Notice, February 4, 2016;
3. Request for Expedited Hearing, June 17, 2016;
4. Order on Show Cause Hearing, June 8, 2016;
5. Employer's Brief for Expedited Hearing; and
6. Employer's Motion in Limine.[7]

---

[5] The Court reserved ruling on this exhibit. The Court excludes this Affidavit, as Ms. Gragg did not provide this prior to the Expedited Hearing, and because Mr. Gragg was listed as an in-person witness.

[6] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

[7] The Court reserved ruling on this Motion. Christian Care filed the Motion to exclude all medical records because the records did not comply with the Court's Rules. After careful review, the Court overrules the Motion. Ms. Gragg submitted the medical records prior to the issuance of the Dispute Certification Notice, and the records were signed by physicians.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 27th day of July, 2016.

| Name | Certified Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Ms. Lisa Gragg | X | X | 122 Elizabethton Hwy. Bluff City, TN 37618 rosesforbutterflies67@yahoo.com |
| Dana Dalton, Esq. | | X | dana.dalton@leitnerfirm.com |

Penny Shrum, Clerk of Court
WC.CourtClerk@tn.gov